# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10CR3366 WQH |
| Plaintiff, | ORDER |
| vs. | |
| MARCELO GONZALEZ-LOPEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to invalid deportation filed by the Defendant Marcelo Gonzalez-Lopez. ECF No. 10.

## BACKGROUND FACTS

On May 26, 1998, the Defendant was convicted of three counts of robbery pursuant to Cal Penal Code § 211 in the Los Angeles County Superior Court and sentence to serve a term of twelve years imprisonment.

On July 11, 2008, Defendant was served with a "Notice of Intent to Issue a Final Administrative Removal Order" charging that the Defendant was subject to expedited removal "because you have been convicted of an aggravated felony." ECF No. 10-2 at 8. The Notice of Intent alleged that the Defendant was a native and citizen of Mexico; that the Defendant entered the United States on May 10, 1997 near San Ysidro, California without being inspected, admitted or paroled by an Immigration Officer; that the Defendant was not lawfully

1  admitted for permanent residence; and that the Defendant was convicted on May 26, 1998 in
2  the California Superior Court of the County of Los Angeles of three counts of robbery in
3  violation of Section 211 of the California Penal Code. *Id*. The Notice of Intent charged that
4  "You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii),
5  as amended, because you have been convicted of an aggravated felony as defined in section
6  101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F)." *Id*. The Notice of Intent further stated
7  in part: "You may be represented (at no expense to the United States government) by counsel,
8  authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you
9  may contact legal counsel from the list of available free legal services provided to you." *Id.*
10  On the same day, Defendant signed a Certificate of Service acknowledging that he had
11  received the Notice of Intent to Issue a Final Administrative Removal Order. The Certificate
12  of Service stated that the Notice of Intent was explained to the Defendant in the English
13  language. Defendant checked a box on the Certificate of Service next to the statement "I Do
14  Not Wish to Contest and/or Request Withholding of Removal." *Id.* Defendant checked a
15  second box next to the statement "I admit the allegations and charge in this Notice of Intent.
16  I admit that I am deportable and acknowledge that I am not eligible for any form of relief. I
17  waive my right to rebut and contest the above charges. I do not wish to request withholding
18  or deferral of removal. I wish to be removed to Mexico." *Id.* Defendant checked a third box
19  next to the statement "I understand that I have the right to remain in the United States for 14
20  calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this
21  right." *Id*. Defendant signed his name under these boxes and statements, printed his name and
22  dated the document July 11, 2008.
23  On July 15, 2008, a Final Administrative Removal Order was entered based upon the
24  findings that the Defendant was "not a citizen or national of the United States, and that [he]
25  was "not lawfully admitted for permanent residence." ECF No. 10-2 at 3. The Order finds that
26  "the administrative record established by clear, convincing, and unequivocal evidence that you
27  are deportable as an alien convicted of an aggravated felony pursuant to section
28  237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii)." *Id*. The Order finds that the

1 Defendant was "ineligible for any relief from removal that the Secretary of Homeland Security,
2 may grant in an exercise of discretion." *Id*.

3 On May 12, 2010, after the completion of his state prison term, the Defendant was
4 physically removed from the United States to Mexico. ECF No. 10-2 at 6.

5 On June 8, 2010, Defendant was arrested in the United States.

6 On August 8, 2010, the grand jury returned an indictment charging that the Defendant
7 was found in the United States without legally required permission after being previously
8 removed in violation of Title 8, United States Code, Sections 1326 (a) and (b). ECF No. 1.

## APPLICABLE STANDARD

10 "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth
11 Amendment requires a meaningful opportunity for judicial review of the underlying
12 deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998). In order
13 to sustain a collateral attack under Section 1326(d), a defendant must, within constitutional
14 limitations, demonstrate (1) that he exhausted all administrative remedies available to him to
15 appeal his removal order, (2) that the underlying removal proceedings at which the order was
16 issued improperly deprived him of the opportunity for judicial review, and (3) that the entry
17 of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is
18 fundamentally unfair if: 1) an alien's due process rights were violated by defects in the
19 underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States
20 v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To succeed on the prejudice prong
21 of a claim of invalid deportation, Defendant "must still show that he had 'plausible' grounds
22 for relief." *United States v. Becerril-Lopez*, 541 F.3d 881, 886 (9th Cir. 2008). The
23 Government has the burden to present evidence "to demonstrate that the procedural violation
24 could not have changed the proceedings' outcome." *United States v. Gonzalez-Valerio*, 342
25 F.3d 1051, 1054 (9th Cir. 2003).

## CONTENTIONS OF THE PARTIES

27 Defendant contends that his administrative removal proceeding violated his due process
28 rights because he does not speak English fluently and the Notice of Intent was not translated

into the Spanish language.  Defendant asserts that he was never informed of his right to counsel in the Spanish language.  Defendant asserts that this violation of his due process right to counsel is inherently prejudicial and that the Court should presume prejudice.  Defendant further asserts that he was prejudiced because the documents relied upon by the Immigration Service to establish his aggravated felony were improperly certified.

The Government assumes, without conceding, the first two elements of an attack on a prior deportation under Section 1326(d).  The Government contends that the Defendant cannot show the third element of fundamental unfairness which requires proof of a violation of due process and resulting prejudice.  The Government asserts that there is no doubt that the Defendant's prior convictions for robbery under Cal. Penal Code § 211 on May 26, 1998 and subsequent twelve year sentence constituted an aggravated felony and that the Defendant can not establish prejudice.

## ANALYSIS

Assuming without deciding that there was a due process violation of Defendant's right to counsel in the immigration proceeding,[1] the Defendant must demonstrate a plausible grounds for relief in order to show prejudice. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). A defendant need not conclusively demonstrate that he or she would have received relief to show prejudice, but must show only that there were "plausible grounds for relief." *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003). the Court concludes that the Defendant is required to demonstrate a plausible grounds for prejudice.

In *United States v. Ramos*, 623 F.3d 672 (9th Cir. 2010), the Court of Appeals for the Ninth Circuit reviewed the denial by the district court of a motion to dismiss the indictment under 8 U.S.C. § 1326(d). Defendant in *Ramos* asserted that his stipulated removal order was invalid because he was not accorded his Fifth Amendment due process rights including his right to counsel. The Court of Appeals concluded that "Ramos's waiver of counsel was invalid

---

[1] The Government requests that the Court "assume, without conceding" a due process violation of the right to counsel. ECF No. 16 at 6.

and a violation of his due process right to counsel." *Id.* at 683.  The Court of Appeals further stated:

> Although we conclude that DHS violated Ramos's right to due process in the underlying deportation, and that the agency violated its own regulation in doing so, we conclude that he suffered no prejudice as a result. To establish prejudice, Ramos contends only that he would have qualified for relief under INA § 212(h), 8 U.S.C. § 1182(h), and presents no other plausible grounds for relief. However, Ramos is statutorily ineligible for this relief. INA § 212(h) does not provide relief for aliens removed for illegal presence in the United States without admission or parole in violation of 8 U.S.C. § 1182(a)(6)(A)(i), the ground upon which Ramos was ultimately removed. Whether Ramos would be eligible for a waiver of removal on the ground of his controlled substance violation is therefore immaterial. Accordingly, we conclude that Ramos was not prejudiced as a result of the due process or regulatory violations in the underlying stipulated removal proceedings, and affirm the district court's denial of the motion to dismiss the indictment on that basis. ...
>
> The government failed to demonstrate that Ramos's waiver of his right to counsel was 'knowing and voluntary,' therefore violating his due process right to counsel. . . . Because Ramos failed to show prejudice resulting from these regulatory and due process violations, however, we affirm the district court's denial of the motion to dismiss the indictment."

*Id.* at 684.  If the defendant is "barred from receiving relief, his claim is not 'plausible.'" *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056 (9th Cir. 2003).

In this case, Defendant had been convicted of robbery in violation of Cal. Penal Code § 211 in Los Angeles County Superior Court and subsequently sentenced to 12 years in prison. A conviction for robbery in violation of "California Penal Code §211 is an 'aggravated felony' under removal statute, 8 U.S.C. §1227(a)(2)(A)(iii), because such a conviction is a categorical 'crime of violence' under 8 U.S.C. § 1101(a)(43)(F) and because [the defendant] was sentenced to at least one year for his crime." *United States v. Frutos-Lopez*, 2010 WL 3006062 (August 2, 2010). *See also, United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008 ("[W]e hold that a conviction under Cal. Penal Code § 211 could only result from conduct that constitutes a 'crime if violence' for the purposes of U.S.S.G. § 2L1.2.").

The Immigration order properly found that the Defendant had "a final conviction for an aggravated felony as defined in section 101(a)(43)(F) of the Immigration and Nationality Act" and was "ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion." ECF No. 10-2 at 3.  The Court concludes that the

conviction documents[2] were reliable, the Defendant was not eligible for relief from removal, and the Defendant's claim of prejudice in this case is not plausible. *See Gonzalez-Valerio*, 342 F.3d at 1056 (defendant barred from receiving relief does not have a 'plausible' claim); and *Ramos*, 623 F.3d at 684 (defendant statutorily ineligible for relief was not prejudiced as a result of due process violation in the underlying stipulated removal proceedings).

IT IS HEREBY ORDERED that the motion to dismiss the indictment due to invalid deportation filed by the Defendant Marcelo Gonzalez-Lopez ECF No. 10 is denied.

DATED: December 7, 2010

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge

---

[2] The Court finds that the documents in Defendant's A-file presented at the removal hearing were reliable and conclusively showed that that the Defendant's conviction was aggravated felony as defined in section 101(a)(43)(F) of the Immigration and Nationality Act.